<u>**CLOSING**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MEDMARC CASUALTY INSURANCE COMPANY,** *Plaintiff,* v. **KEHOE & COMPANY, LLC, et al.,** *Defendants.* | Civil Action No. 21-2688 ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Medmarc Casualty Insurance Company's ("Plaintiff") unopposed Motion for the Entry of Default Judgment,[1] ECF No. 12, against Defendants Kehoe & Company, LLC ("Kehoe LLC") and William Kehoe ("Kehoe" and together with Kehoe LLC, "Defendants");

and it appearing that this insurance action arises from Plaintiff's request for a judicial declaration that it is not obligated to defend or indemnify Defendants in connection with two lawsuits arising from a fatal motor vehicle accident on August 5, 2019, <u>see generally</u> Compl., ECF No. 1;

and it appearing that on June 9, 2020, the Estate of Bassirou Diaite (the "Diaite Estate") filed a wrongful death lawsuit against Joseph Crilley ("Crilley"), West Jersey Enterprises, Inc. ("WJE"), Hayden's Service Center, LLC ("Hayden LLC"), Christopher Hayden ("Hayden"), Kehoe, and the Estate of James Ziniewicz (the "Ziniewicz Estate"), <u>see</u> Compl. Ex. A (the "Diaite Complaint"), ECF No. 1.1;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." <u>DIRECTV, Inc. v. Pepe</u>, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that on September 25, 2020, the Ziniewicz Estate filed a wrongful death lawsuit against Crilley, WJE, Hayden LLC, Hayden, and Kehoe, see Compl. Ex. B (the "Ziniewicz Complaint" and together with the Diaite Complaint, the "Underlying Complaints"), ECF No. 1.2;

and it appearing that the Underlying Complaints generally allege that while operating a tow truck owned by WJE, Crilley struck a car that was driven by Ziniewicz and carrying Diaite as a passenger, resulting in the deaths of both Ziniewicz and Diaite (the "Accident"), see generally Compl. Exs. A-B;

and it appearing that the Underlying Complaints further allege that following the Accident, Hayden, the owner/operator of WJE, and Kehoe created Hayden LLC in order to hide the assets of WJE and Hayden and to prevent the underlying plaintiffs from obtaining a judgment against WJE or Hayden, see Compl. ¶¶ 10, 13;

and it appearing that about nine months prior to filing the Diaite Complaint, on September 17, 2019, attorney Daniel Marchese ("Marchese") advised Kehoe that he represented the Diaite Estate and that he "might go after [Kehoe's] professional liability coverage" in connection with the Accident and subsequent formation of Hayden LLC, id. ¶¶ 15-21;

and it appearing that on September 25, 2019, Marchese sent Kehoe a second letter stating, among other things, that he was "putting [Kehoe] and Mr. Hayden on notice that [Hayden LLC] will not escape liability . . . nor will any and all agents that assisted or helped Mr. Hayden in any way avoid his personal financial responsibilities to Mr. Diaite," id. ¶¶ 22-24;

and it appearing that on February 20, 2020, Kehoe executed a renewal application on behalf of Kehoe LLC to obtain professional liability insurance from Plaintiff, id. ¶ 39;

and it appearing that in response to a question on the application asking if Kehoe LLC was "aware of any claim, or lawsuit, or act, error, omission or specific circumstances which could

2

reasonably be expected to result in a professional liability claim against the firm" since the completion of the last application, Kehoe provided, "No," id.;

and it appearing that thereafter, Plaintiff issued a Lawyers Professional Liability Insurance policy to Kehoe LLC for a term of February 21, 2020 to February 21, 2021 (the "Policy"), id. ¶ 26;

and it appearing that on June 12, 2020, Kehoe provided Plaintiff with its first notice of claim related to the Accident by providing a copy of the Diaite Complaint, id. ¶ 14;

and it appearing that in October 2020, Kehoe provided Plaintiff with a copy of the Ziniewicz Complaint, id. ¶ 25;

and it appearing that on February 16, 2021, Plaintiff filed the three-count Complaint for Declaratory Judgment, seeking judicial declarations that Plaintiff is not obligated to defend or indemnify Defendants in connection with the Underlying Complaints, id. ¶¶ 41-68;

and it appearing that on April 1, 2021, the Clerk of Court entered default against Defendants;

and it appearing that as of the date of this Order, Defendants have failed to answer or otherwise respond to the Complaint;

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008), and whether Plaintiff properly served Defendants, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service upon Defendants, see ECF Nos. 7-8;

and it appearing that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Complaint alleges that Plaintiff is a Vermont corporation with its principal place of business in Virginia, Compl. ¶ 3, Kehoe and Kehoe LLC are citizens of New Jersey, id. ¶¶ 4-5, and the amount in controversy exceeds $75,000, id. ¶ 6;

and it appearing that the Court has personal jurisdiction over Defendants because Kehoe is domiciled in New Jersey, and Kehoe LLC maintains its principal place of business in New Jersey, id. ¶¶ 4-5; see Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011);

and it appearing that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1);

and it appearing that before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008);[2]

and it appearing that Plaintiff moves for default judgment against Defendants on Counts I and II of the Complaint, which respectively allege that Plaintiff has no duty to defend Defendants in connection with the Diaiate or Ziniewicz Complaints, see Pl. Mem. at 21-23, ECF No. 12.1;

and it appearing that the Declaratory Judgment Act permits a Court to issue a declaratory judgment in a "case of actual controversy within its jurisdiction," 28 U.S.C. § 2201(a);

and it appearing that the Complaint presents a live controversy as to whether Plaintiffs are obligated to defend or indemnify Defendants in connection with active litigation, see e.g., Criterion Claim Sols., Inc. v. Scottsdale Indem. Co., No. 20-6225, 2021 WL 794787, at *8 (D.N.J. Mar. 1, 2021) ("[D]eclaratory suits to determine the scope of insurance coverage brought independently of the underlying claims—even those brought before the conclusion of an underlying action—are

---

[2] While a plaintiff seeking default judgment must prove its damages, Chanel, Inc., 558 F. Supp. 2d at 538, Plaintiff here seeks only non-monetary relief. The Court therefore need only determine whether such relief is proper as a matter of law.

4

ripe for adjudication.") (citation and quotation marks omitted); see also Certain Underwriters at Lloyds v. Premier Guidance LLC, No. 17-5676, 2018 WL 278738, at *5 (D.N.J. Jan. 2, 2018) (granting default judgment in action seeking declaration that insurer had no duty to defend or indemnify in connection with ongoing litigation);

and it appearing that in determining the scope of a "clear and unambiguous" insurance policy, the Court must enforce the terms of the policy as written, Certain Underwriters at Lloyds, 2018 WL 278738, at *3;

and it appearing that with respect to the Diaite Complaint, Section 2.1 of the Policy provides in relevant part that Plaintiff will insure against "any claim . . . first made against the Insured and first reported to [Plaintiff] during the policy period . . . that no Insured knew or should have known of facts that reasonably could have been expected to result in a claim prior to the effective date of this policy," Compl. ¶ 43;

and it appearing that Section 2.2 of the Policy provides that "[a] claim is first made against the Insured . . . when the Insured first receives information of specific circumstances involving a particular person or entity that could reasonably be expected to result in a claim . . . ," id. ¶ 46;

and it appearing that the Complaint alleges that by September 25, 2019, or five months prior to the inception of the Policy, Defendants had received information concerning a specific threat of litigation by the Diaite Estate against Kehoe and his professional liability coverage arising from the Accident and subsequent formation of Hayden LLC, id. ¶¶ 15-24, and that such information placed Defendants on notice of acts that reasonably could have been expected to result in a claim against Defendants, id. ¶ 32;

5

and it appearing that Defendants failed to provide notice of a claim by the Diaite Estate in connection with its renewal of the Policy in February 2020, id. ¶ 39, and did not otherwise provide notice of the claim to Plaintiff until June 12, 2020, id. ¶ 14;

and it appearing that consequently, Defendants are not entitled to coverage under the Policy in connection with the Diaite Complaint;

and it appearing that with respect to the Ziniewicz Complaint, Section 2.2 of the Policy provides that "all claims . . . involving a single act, error, or omission or a series of related acts, errors, or omissions shall be deemed to be one claim and to be first made when the first of such claims is made," id. ¶ 55;

and it appearing that the allegations against Kehoe in the Ziniewicz Complaint arise from the same acts and omissions as alleged in the Diaite Complaint, i.e., the Accident and subsequent formation of Hayden LLC, id. ¶ 35;

and it appearing that consequently, Defendants are also not entitled to coverage under the Policy in connection with the Ziniewicz Complaint;

and it appearing that before entering default judgment, the Court must also consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default, Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008);

and it appearing that the Court may presume that no meritorious defense exists because Defendants "[have] not responded and the record does not support any defenses," J & J Sports Prods., Inc. v. Tibiri-Tabara, LLC, No. 18-8819, 2019 WL 3402494, at *4 (D.N.J. July 26, 2019);

and it appearing that Plaintiff will suffer prejudice absent entry of default judgment "because they could be subjected to claims that its policy covers the relevant injuries in the underlying state action," Certain Underwriters at Lloyds, 2018 WL 278738, at *4;

and it appearing that Defendants' failure to respond to the Complaint without explanation "permits the Court to draw an inference of culpability on [its] part," Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013);

**IT IS** on this 30th day of March, 2022;

**ORDERED** that Plaintiff's Motion for the Entry of Default Judgment, ECF No. 12, is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff has no obligation to defend or indemnify Defendants in connection with the underlying lawsuits filed in the Superior Court of New Jersey, Sussex County bearing (1) Docket No. SSX-L-0227-20; and (2) Docket No. SSX-L-0392-20; and it is further

**ORDERED** that this action is now **CLOSED**.

/s Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**